## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RAFAEL SILVA, on behalf of himself and on behalf of all others similarly situated,**

    Plaintiff,

v.                           CASE NO.:

**DOORDASH, INC.,**

    Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAFAEL SILVA ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, DOORDASH, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant operates a nationwide food delivery service in Orange County, Florida. Defendant is headquartered in San Francisco County, California.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiff RAFAEL SILVA was employed by Defendant as a delivery driver.

10. The putative class of similarly situated employees consists of all other delivery drivers employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

13. Plaintiff and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

14. Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

15. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendant continues to be an "employer" within the meaning of the FLSA.

17. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

18. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

19. Specifically, the Class regularly handles goods that have been transported across state lines. By way of example, this includes beverages that

were manufactured out of state, transported across state lines, and then sold by restaurants and delivered to customers by the Class.

20. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

21. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

22. Named Plaintiff RAFAEL SILVA began working for Defendant as a delivery driver in August 2021, and he continues to work in this capacity.

23. Defendant incorrectly classified the Class as independent contractors when in actuality they should have been classified as employees pursuant to the FLSA's economic realities test.

24. The Class is compensated based on a delivery fee that is determined solely by Defendant in addition to any tips given by customers.

25. Defendant provides the Class with all of their customers.

26. Defendant requires the Class to abide by several policies and rules in order to maintain their employment with Defendant. Failure to abide by these policies and rules can result in discipline and/or termination.

27. Defendant had the power to discipline and/or terminate the Class, supervised and controlled the terms and conditions of employment of the Class,

determined the rate and method of payment of wages, and maintained employment records of the Class.

28. As "nonexempt" employees as defined by the FLSA, Plaintiff and the Class are entitled to receive the minimum wage and overtime premium as mandated by the FLSA.

29. At various times material hereto, Plaintiff and Members of the Class were not paid at least the applicable minimum wage for all of the hours that they worked as required by the FLSA.

30. At various times material hereto, Plaintiff and the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

31. Defendant failed to pay Plaintiff and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

32. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

33. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of delivery drivers whom Defendant failed to pay a minimum wage and compensate for all overtime hours worked in accordance with the FLSA.

35. Therefore, Notice is properly sent to: "All delivery drivers whom Defendant failed to pay a minimum wage and compensate for all of the overtime hours that they worked from 2019 to the present."

36. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

37. Plaintiff is similar to the Class because he and the Class have been unlawfully denied the minimum wage and full payment of their overtime wages as mandated by the FLSA.

38. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

39. Defendant's failure to pay the minimum wage and all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

40. Overall, Plaintiff's experience as a delivery driver who worked for Defendant is typical of that of the Class.

41. Specific job titles or job duties of the Class do not prevent collective treatment.

42. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## **COUNT I – FLSA OVERTIME VIOLATIONS**

43. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 42 of this Complaint, as though fully set forth herein. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

44. During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

45. Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

46. The Members of the Class are similarly situated because they were all employed as delivery drivers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of

failing to pay its delivery drivers for all of the overtime hours that they worked in accordance with the FLSA.

47. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

48. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

49. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate as liquidated damages;

(h) Judgment against Defendant, stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## **COUNT II – FLSA MINIMUM WAGE VIOLATION**

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 42 of this Complaint, as though fully set forth herein. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

51. During the statutory period, Plaintiff and the Class worked for Defendant, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

52. Defendant failed to compensate Plaintiff and the Class at a rate that was at least equal to the applicable federal minimum wage.

53. The Members of the Class are similarly situated because they were all employed as delivery drivers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its delivery drivers at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

54. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Plaintiff and the Members of the Class who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

55. All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

56. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

 (a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

 (b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

 (c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

 (d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiff and all opt-in Members of the Class;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and opt-in Members of the Class at the applicable statutory minimum wage, as liquidated damages;

(h) Judgment against Defendant stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of January, 2023.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct Dial: 813-337-7992
**LUIS A. CABASSA**
Florida Bar No. 0053643
Direct Dial: 813-379-2565
**AMANDA E. HEYSTEK**
Florida Bar No. 0037061
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com
Email: gdesane@wfclaw.com
**Attorney for Plaintiff**